**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. TAMMY HOLMES, individually, and as Personal Representative of the Estate of Travis Holmes, Deceased, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  CIV-05-1036-F |
| | ) | |
| 2. JONATHAN HEGWOOD; an individual, | ) | |
| 3. PEOPLE'S MOSS GIN COMPANY, INC.; and | ) ) | |
| 4. NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the court upon the motion of defendant Nationwide Agribusiness Insurance Company ("Nationwide") for summary judgment filed January 27, 2006 (doc. no. 25).  The plaintiff, Tammy Holmes, has responded to the motion and the defendants have replied.  After careful consideration of the parties' submissions, the record, and all relevant arguments and authorities, the court makes its determination.

### Summary Judgment Standard

Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56 (c), Fed. R. Civ. P.  The moving party has the burden of showing the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that

party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether a genuine issue of material fact exists, the court must review the record in the light most favorable to the party opposing summary judgment. National Aviation Underwriters, Inc. v. Altus Flying service, Inc., 555 F.2d 778, 784 (10th Cir. 1977).

### Nature of the Case

On January 4, 2005, defendant Jonathan Hegwood drove his tractor-trailer down Waverly Street in Ponca City, Oklahoma on his way to pick up a hammer mill for his Louisiana employer, Peoples Moss Gin Company, Inc. ("PMG"). As Mr. Hegwood pulled into the intersection of Waverly Street and Hubbard Road, his vehicle collided with a pick-up truck driven by Oklahoma resident Travis Holmes. Mr. Holmes died from injuries he sustained in the collision.

Mr. Holmes' surviving spouse, Tammy Holmes, filed suit for compensatory and punitive damages arising from Mr. Hegwood and PMG's alleged negligence in the District Court for Kay County, Oklahoma. Tammy Holmes names as defendants not only Mr. Hegwood and his employer PMG, but also PMG's liability insurance carrier, Nationwide. The defendants removed the action to this court on the basis of the complete diversity of citizenship between the plaintiff and the defendants. Nationwide, an Iowa corporation, argues it is entitled to summary judgment on the ground that it is not a proper defendant because it is not subject to direct action under Oklahoma law.

The following undisputed facts are material to Nationwide's motion for summary judgment. PMG is a Louisiana corporation with its principal place of business in Palmetto, Louisiana. It is considered a private carrier of property and has never filed a liability insurance policy or bond covering public liability and

property damage with the Oklahoma Corporation Commission. The Oklahoma Corporation Commission has never issued a license to PMG.

<u>Analysis</u>

Although Ms. Holmes asserted in her petition that direct action against Nationwide was proper pursuant to 47 O.S. 2001 § 230.30, she now concedes that provision is inapplicable. She contends that her petition was framed before she became aware that the parties' various states of citizenship would create the choice-of-law issues now confronting the court. She argues that Oklahoma's choice-of-law rules require that Louisiana law be applied to the interpretation and enforcement of PMG's liability insurance contract with Nationwide. She further argues that Louisiana law permits her direct action against Nationwide. By statutory provision, Louisiana permits an injured person to directly sue a liability insurer for damages sustained regardless whether a judgment has been obtained against the insured. *See* La.Rev.Stat.Ann. § 22:655; *see also* <u>Smith v. Strongbuilt, Inc.</u>, 393 F.Supp.2d 1254, 1255 at fn. 4 (W.D.Okla. 2005). Nationwide appears to concede that should Louisiana law apply, it may be subject to Ms. Holmes' direct action. It insists, however, that under a proper choice-of-law analysis, it is Oklahoma's law, or in the alternative, Iowa's law that governs. It contends that because neither Oklahoma nor Iowa permit direct action against Nationwide under the facts and circumstances of the plaintiff's case, summary judgment should be granted in its favor.

When presented with a choice-of-law question, such as the one at issue here, a federal court sitting in a diversity matter must engage in a two-step inquiry. *See* <u>Boyd Rosene and Associates, Inc. v. Kansas Municipal Gas Agency</u>, 174 F.3d 1115, 1118 (10th Cir. 1999). First, the court must determine whether a particular matter is procedural or substantive for purposes of <u>Erie railroad Co. v. Tompkins</u>.

3

304 U.S. 64 (1938).  If the matter is procedural, federal law applies.  If the matter is substantive, the court follows the law of the forum state.  *See* <u>Erie</u>, 403 U.S. at 78.  Second, if the court determines that the matter is substantive, it looks to the substantive law of the forum state, including its choice-of-law principles, to determine the applicable substantive law.  *See* <u>Klaxon Co. v. Stentor Elec. Mfg. Co.</u>, 313 U.S. 487 (1941).  The two steps are distinct inquiries.  What is substantive or procedural for <u>Erie</u> purposes is not necessarily substantive or procedural for choice-of-law purposes.  *See*  <u>Sun Oil Co. v. Wortman</u>, 486 U.S. 717, 726 (1988).

The court and the parties to this motion agree that under Oklahoma's choice-of-law rules, the availability of a direct action against a liability insurance carrier presents a substantive issue.  *See* <u>Aetna Cas. & Sur. Co. of Hartford, Conn. v. Gentry</u>, 1942 OK 366, 132 P.2d 326 (finding a conflict between the laws of Oklahoma and Kansas with regard to whether the plaintiff could bring a direct action against the defendant insurer, and concluding that Kansas law applied as it was in Kansas that the insurance contract was made).  Where the parties diverge is in their analysis of which state's substantive law regarding direct actions against liability insurance carriers should apply to this dispute.

Nationwide argues that Oklahoma's direct action law applies because Oklahoma has the most significant relationship to the case.  It relies upon the Oklahoma Supreme Court's pronouncement in <u>Brickner v. Gooden</u>, that "the rights and liabilities of parties with respect to a particular issue in tort shall be determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties." 525 P.2d 632, 637 (Okla. 1974).  Under the <u>Brickner</u> test, the court considers and evaluates the following factors adopted from the Restatement (Second) of Conflict of Laws §145 (1971):

(1)    the place where the injury occurred;
(2)    the place where the conduct causing the injury occurred;
(3)    the domicile, residence, nationality, place of incorporation and place of business of the parties; and
(4)    the place where the relationship, if any, between the parties occurred.

The court acknowledges that in at least one case decided in this district, application of the above factors led court to conclude that the direct action issue should be governed by the substantive law of the state where the accident occurred. (As Exhibit 1 to its reply, Nationwide attaches an unpublished order in Williams v. Haigood & Campbell, L.L.C., et al., Case No. CIV-05-153-T reaching that conclusion). It is this court's opinion, however, that Oklahoma law supports a different result. In Brickner, the Oklahoma Supreme Court specifically adopted a "most significant relationship" test with regard to tort issues. Nationwide's liability to the plaintiff, if any, arises not out of the tort allegedly committed by Mr. Hegwood or PMG, but rather out of the insurance contract Nationwide entered with PMG. See Smith v. Strongbuilt, Inc., 393 F.Supp.2d at 1257 at fn. 10.

Oklahoma law is clear that in motor vehicle insurance cases involving conflicting state laws, the validity, interpretation, application and effect of the provisions of a motor vehicle insurance contract should be determined in accordance with the laws of the state in which the contract was made. See Bohannan v. Allstate Insurance Co., 1991 OK 64, 820 P.2d 787, 797, see also Aetna Cas. & Sur. Co. of Hartford, Conn., 132 P.2d at 331. Oklahoma has modified this traditional lex loci contractus rule by recognizing two exceptions: the first is where the applicable laws of the state of contracting run contrary to Oklahoma's public policy, the second is where the facts demonstrate that another jurisdiction has the most significant relationship with the subject matter and the parties. See Bohannan, 820 P.2d at 797. To the extent that Oklahoma looks to the

state having the "most significant relationship" with regard to a contract issue, the significance of the relationship is to be evaluated not by reference to the factors set out in Brickner, but to the factors set out in §§ 6, 188, and 193 of The Restatement (Second) of Conflicts of Laws.  Bohannan, 820 P.2d at 795-97.  Among the factors to be considered are the needs of the interstate system, the predictability and uniformity or result, the place of negotiation and performance of the contract, and the location of the subject matter of the contract.

Nationwide has pointed to nothing in the applicable sections of the Restatement to support deviation from Oklahoma's general rule that the interpretation and application of Nationwide's motor vehicle insurance contract with PMG should be determined in accordance with the laws of the state in which the contract was made.  Rather, it argues that even under the rule of *lex loci contractus* it is entitled to summary judgment in its favor.  It maintains that its contract with PMG was made in Iowa, and that Iowa law does not provide for direct action against liability insurance carriers.  In support of its contention that Iowa law should control, Nationwide presents evidence that it is incorporated in Iowa, that its contract with PMG was executed in Iowa, and that it received PMG's insurance premium payments Iowa.  Under longstanding Oklahoma law, however, such factors are secondary to considerations of the place where the insured resides and pays premium payments, where the application for the policy was signed, and where the policy was delivered.  *See* Continental Cas. Co. v. Owen, 1913 OK 77, 131 P. 1084.  Nationwide has presented no evidence that any of those considerations suggest that Iowa is the place where the insurance contract was made.

<u>Conclusion</u>

Under Oklahoma's choice-of-law rules, the plaintiff's direct action against Nationwide may proceed if its insurance contract with PMG was made in Louisiana. However, the record now before the court does not permit a determination, under the stringent standards of Rule 56, as to whether the contract was made in Louisiana. Because there are genuine issues of material fact bearing on the issues as to the determination of the state in which the insurance contract was made, Nationwide's motion for summary judgment must be, and hereby is, **DENIED**.

ENTERED this 18th day of September 2006.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-1036p020 (pub).wpd