# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. TAMMY HOLMES, individually, and as Personal Representative of the Estate of Travis Holmes, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>2. JONATHAN HEGWOOD; an individual,<br>3. PEOPLE'S MOSS GIN COMPANY, INC.; and<br>4. NATIONWIDE AGRIBUSINESS INSURANCE COMPANY,<br><br>Defendants. | Case No. CIV-05-1036-F |

## ORDER

This matter comes before the court with respect to Proposition I (relating to punitive damages) of the motion of defendants Jonathan Hedgwood and People's Moss Gin Company, Inc. for summary judgment (doc. no. 52). Also relevant to the court's determination is the plaintiff's response (doc. no. 93). By orders previously entered, the court has ruled on the other aspects of these defendants' motion for summary judgment. Accordingly, this order completes the court's consideration of that motion. After careful consideration of the parties' submissions, the record, and all relevant arguments and authorities, the court makes its determination.

### Summary Judgment Standard

Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56 (c), Fed. R. Civ. P. The moving party has the burden of showing the

absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether a genuine issue of material fact exists, the court must review the record in the light most favorable to the party opposing summary judgment. National Aviation Underwriters, Inc. v. Altus Flying service, Inc., 555 F.2d 778, 784 (10th Cir. 1977). For purposes of determining the issue of whether defendant has demonstrated that plaintiff's claim for punitive damages may summarily be resolved against her, the court "must view the evidence presented through the prism of the substantive evidentiary burden." Anderson, 477 U.S. at 254. That prism is, at least for now, the prism of the "clear and convincing" standard which applies with respect to Category I punitive damages under 23 O.S. 2002 supp. § 9.1 (B). The court has analyzed the matter on that basis.

## Nature of the Case

As to the nature of the case, see the court's previous orders on the defendants' motions for summary judgment.

## Determination

The defendants argue that the record establishes that they are entitled to summary judgment on plaintiff's claim for punitive damages. The essence of defendants' argument is concisely stated on p. 11 of their brief: "Plaintiff can produce no evidence establishing gross negligence, reckless disregard, or malice toward Mr. Holmes by Mr. Hedgwood or PMG." As to gross negligence and reckless disregard, the court disagrees. It plainly appears from the record that plaintiff will likely present substantial evidence which would support a jury determination, on a "clear and convincing" evidentiary standard, that the level of

Mr. Hedgwood's negligence went beyond mere inadvertence. It appears quite unlikely that there will be evidence of malice, but the facts which are fairly established in the record, spiced up a bit by some inconsistencies in Mr. Hedgwood's account, certainly do preclude summary adjudication of the claim for punitive damages. It is tempting to offer defendants a sop by saying that the issue of punitive damages will be revisited on a timely Rule 50 motion at trial. If the motion is made, the issue will certainly be fair game for another look. However, the record now before the court suggests that avoidance of the submission of punitive damages may well require some revelation of mitigating circumstances not now apparent.

As to Proposition I (punitive damages), the motion is **DENIED**.

ENTERED this 18th day of September 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-1036p021 (pub).wpd